UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | NO. 3:02CR14 (AWT) |
| JULIO RODRIGUEZ | : | JULY 26, 2006 |

## MEMORANDUM IN SUPPORT OF RESENTENCING

### Background

On June 5, 2002, the defendant pleaded guilty to possessing 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(b) and to knowingly assaulting a federal agent while the agent was engaged in his official duties in violation of 18 U.S.C. §§111(a) and 1111(b). On October 25, 2002, this Court sentenced the defendant to a period of 175 months on count one and for a period of 120 months on count two to run concurrently with the sentence on the first count. On November 12, 2002, the defendant filed a timely notice of appeal. On December 13, 2004, the court issued an amended judgment in this case. On October 21, 2004, the U. S. Court of Appeals for the Second Circuit affirmed the sentence of this Court but withheld the mandate. On April 22, 2005, the Second Circuit ordered a limited remand of this case in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) and the Court of Appeals' decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). In short, the case was remanded to this court to determine if the court would have imposed a non-trivially different sentence if, at the

time of sentencing, it had understood federal sentencing law as subsequently explained by the Supreme Court in United States v. Booker, supra.

This Court arrived at the sentence it imposed by making certain adjustments to the Base Offense Level on the narcotics charge. The Court added three points pursuant to Guideline §3A1.2 and two points for the reckless flight that Mr. Rodriguez engaged in subsequent to the efforts of the agents to apprehend him at the parking lot of the Chowder Pot restaurant in Hartford. Mr. Rodriguez objected to those adjustments at the time of sentencing, and the Court found sufficient facts by a preponderance of the evidence for these upward adjustments. Were it not for the fact that the guidelines are now advisory, this type of court adjudication would not have been allowed under the constitutional part of United States v. Booker, supra. The defendant now does not ask the Court to reconsider the guideline computation, but to simply follow the Booker mandate and determine what sentence is "reasonable" considering the various factors of 18 U.S. Code §3553(a). Finally, under an advisory guideline scheme, the Court is directed to "impose a sentence sufficient, but not greater than necessary, to comply with the purpose as set forth in Paragraph (2) of [§3553(a)]. Furthermore, in determining whether the Court should vary from the guideline scheme, it should be mindful that factors which might not have justified a downward departure, could still fall within the various categories of §3553(a) and justify a variance from the guideline range. United States v. Menyweather, 431 F.3d

692 (9th Cir. 2005).

     The most important aspect of the sentencing statute which is not given sufficient recognition under the guidelines is the "nature and circumstances of the offense and the history and characteristics of the defendant". §3553(a)(1). The defendant, as can be seen from the pre-sentence report, had a lengthy work history in which he was employed for a considerable period of time at Pratt & Whitney and operated a successful hair salon in West Hartford. Apart from his criminal conviction, it would appear from the pre-sentence report and the letters and statements made on his behalf at the time of sentencing, that he was a hard-working, productive member of society. Mrs. Goldberg described the defendant to the court as "extremely kind to his elderly mother and son" and "an individual who has always lent a helping hand". The court even received an atypical letter dated August 14, 2002, from the Wyatt Detention Center in which Mr. Rodriguez was described as "an exceptionally good employee with good manners and a great work ethic". The defendant had a criminal history totally devoid of any drug dealing and, except for some relatively minor domestic disputes in which the charges were misdemeanors, no record of engaging in violent behavior. It is this "history and characteristics" of Mr. Rodriguez which the Court should give heavy weight to in determining whether a lesser sentence than the guidelines call for would be "reasonable". <u>Booker</u>, supra.

     The guidelines also require that the Court, in imposing sentence, "protect the

public from further crimes of the defendant". The defendant was 34 years old at the time of the offense. Although his drug dealing history may have gone on for some period of time, he had never been arrested for this type of offense before. Because of the lack of a drug distribution history, it is likely that a much shorter sentence would deter the defendant from ever engaging in the activities for which he now stands convicted.

"The Court in imposing sentence should consider whether the defendant has a need for educational or vocational training." 18 U.S. Code §3553(a)(2)(D). As previously stated, this defendant has a skill which he acquired through vocational school as a hair stylist. He has been commended by many people for his skills in that area, and there is always a need for hair stylists. As the Court may know, most of them who are energetic can do reasonably well, as Mr. Rodriguez was doing. This statutory section allows the Court to consider vocational skills which the guidelines themselves apparently discourage. There is no vocational training in any institution that will benefit Mr. Rodriguez. He already has those skills and, therefore, this Court should impose a lesser sentence because Mr. Rodriguez's time in jail will be spent simply being warehoused.

The Court should also consider "the need to provide restitution to any victims". 18 U.S. Code §3553(a)(7). There is no restitution here but something akin to it was provided in the term of forfeiture. Mr. Rodriguez agreed to forfeit, and the Court did

-4-

forfeit, his home, his business, and $10,000. It was never established by the Government that the business, however much it was worth, received proceeds from the drug offense. It may have been that part of the house was purchased by drug proceeds, but Mr. Rodriguez had a modestly successful hair salon, and that money contributed also to the purchase and maintenance of the home. Everything Mr. Rodriguez had was forfeited. That factor alone distinguishes him from many defendants who come before this Court. While the guidelines do not provide for consideration of that factor, in an implicit way, the sentencing statute does. Supra §3553(a).

**Conclusion**

For all of the above reasons, this Court should review the pre-sentence report, sentencing transcript, and memoranda of the parties, and resolve that if the guidelines were not mandatory, a non-trivially different sentence might have been imposed. It is respectfully requested that the Court then return Mr. Rodriguez for sentencing at an appropriate time.

Respectfully submitted,

DEFENDANT, JULIO RODRIGUEZ

By:_____
Richard S. Cramer
449 Silas Deane Highway
Wethersfield, CT 06109
Tel. (860) 257-3500
Federal Bar No. ct00016
Email: cramer@snet.net

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed postage prepaid this 26th day of July 2006 to:

Raymond F. Miller
Assistant U. S. Attorney
P.O. Box 1824
New Haven, CT 06508

_____
Richard S. Cramer