UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.  3:02cr14(AWT) |
| | : | |
| v. | : | |
| | : | |
| JULIO RODRIGUEZ | : | August 22, 2006 |

**GOVERNMENT'S REPLY TO THE DEFENDANT'S *CROSBY* BRIEF AND THE DEFENDANT'S *PRO SE* SENTENCING MEMORANDUM**

On July 26, 2006, the defendant's counsel filed a brief (Doc. 62) requesting that the court impose a new sentence in light of the holding of the United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005).  The Government believes that the factors cited by the defendant do not support the imposition of a nontrivially different sentence and requests that the Court affirm the original sentence imposed in this case.

On August 14, 2006, the defendant, *pro se*, filed a brief claiming the court erred in his sentencing and requesting a new sentence.  As described below, his argument is wholly without merit and should be summarily denied.

**I.  Procedural History**

On June 5, 2002, the defendant pleaded guilty to possessing 500 grams of cocaine with the intent to distribute in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B) and assaulting a federal officer in violation of 18 U.S.C. § 111.

On October 25, 2002, this Court sentenced the defendant to 175 months of incarceration.

On November 12, 2002, the defendant filed a timely notice of appeal.  On December 13, 2004, the court issued an amended judgement in this case.  On October 21, 2004, the United States Court of Appeals for the Second Circuit affirmed the sentence of the court, but withheld the mandate.

In the interim, the United States Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220(2005).

On April 22, 2005, the Second Circuit ordered a limited remand in this case in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and the Court of Appeals' decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir., 2005).

## II.  Limited Remands in Light of *Booker* and *Crosby*

In *United States v. Booker*, 543 U.S. 220(2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).  The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury.  As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory." *Booker* at 236.  This ruling results in a system in which the sentencing court, while required to consider the Guidelines, may

impose a sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to appellate review for "reasonableness." *Id.*

The Court of Appeals for the Second Circuit has summarized the impact of *Booker* as follows:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). *Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range,* or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. *Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (I) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence.* Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

*United States v. Crosby*, 397 F.3d 103(2d Cir. 2005) (emphasis added). When imposing sentence, a district court must be mindful that "*Booker/Fanfan* and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." *Id.* Both the Supreme Court and the Court of Appeals expect "sentencing judges faithfully to discharge their statutory obligation to 'consider' the Guidelines and all of the other factors listed in section 3553(a), . . . and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more

individualized justice." *Id.*

### III.  Discussion

The Government agrees that the Court should consider all of the factors cited by the defendant, but believes that such consideration should not result in the imposition of a different sentence.  The defendant's counsel agrees with the original computation of the applicable Guideline range, but argues that consideration of the defendant's lengthy work history, his character as reflected in letters presented to the court at the time of sentencing, his lack of prior convictions, his vocational skills and the forfeitures in this case should result in a reduced sentence.  For the following reasons, the government disagrees.

It is apparent that all of these facts were considered by the Court at the time of the imposition of the original sentence. At the original sentencing proceeding, the defendant argued that he should receive a downward departure on a variety of grounds, including a combination of factors.  Instead of departing downward, after considering the facts as presented in the PSR which are reasserted in the defendant's present argument, the Court sentenced the defendant to a term of incarceration within the applicable Guideline range.

Considering these facts now within the framework of *Booker* and *Crosby* should not alter the sentence as none of the facts

4

distinguish this defendant from others.  Section 3553(a)(6) specifically indicates that a sentence should reflect the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct. The facts cited by the defendant in his brief do not appear to distinguish him in any meaningful way from other defendants.  It is not unusual for drug defendants not to have prior convictions for drug offenses.[1]  Further, although the defendant maintained lawful employment, he concedes that "his drug dealing history may have gone on for some time . . ."  Defendant's brief at 4. Section 5H1.5 of the Sentencing Guidelines specifically indicates that the defendant's employment "is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range."  It is also representative of the fact that other defendants also maintain lawful employment in addition to their narcotics trade.

Additionally, the defendant argues that the forfeiture in this case warrants a departure.  In this case, the Government sought and obtained forfeiture of the defendant's assets because the investigation revealed that the defendant used both his home and his business to conduct his drug trafficking activities. Forfeiture of assets that either furthered narcotics offenses or

---

[1]This defendant did have prior convictions for non-drug offenses.

are derived from narcotics offenses is a common procedure in many federal narcotics prosecutions.

Additionally, § 3553(a)(2)(C) indicates that the sentence should protect the public from further crimes of the defendant. The defendant's car struck a law enforcement officer and a law enforcement vehicle in the defendant's attempt to escape with kilograms of powder cocaine.  The defendant then led police on a high speed chase, endangering individuals using the public road and highways, throwing packages of the cocaine from his car as he fled.  The court's original, pre-*Booker* sentence still comports with the directives of 18 U.S.C. § 3553.

In sum, the defendant was a significant drug dealer who resorted to violence in an attempt to flee from federal authorities.  He hit a law enforcement officer with his vehicle and led the police on a high speed chase through Hartford and surrounding communities, throwing kilograms of cocaine out of his car as he drove.  These are the actions that distinguish this defendant from others and lead to the conclusion that a sentence of 175 months was - - and is - - appropriate in this case.

### IV.  Defendant's *Pro Se* Argument

On August 14, 2006, the defendant filed a brief *pro se* that essentially argued that the Court was without authority to impose the two Guidelines enhancements.  *See* Defendant's Pro Se Brief at 12-13.  Such argument is wholly without merit.  The Second

Circuit has repeatedly reaffirmed in the wake of *Booker* that a district court need only find sentencing factors proved by a preponderance of the evidence when calculating a defendant's advisory Guidelines range. *See e.g. United States v. Florez*, 447 F.3d 145, 156 (2d Cir. 2006) (holding that defendant's argument that the judge could not find drug quantity by a preponderance "is foreclosed by our decision in *United States v. Garcia,* which holds that '[j]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker.'* 413 F.3d 201, 220 n.15 (2d Cir. 2005)."); *United States  v. Vaughn*, 430 F.3d 518, 525 (2d Cir. 2005), *cert. denied*, *Lindo v. United States*, 126 S. Ct. 1665 (2006) ("We reiterate that, after *Booker,* district courts' authority to determine sentencing factors by a preponderance of the evidence endures and does not violate the Due Process Clause of the Fifth Amendment."); *United States v. Gonzalez,* 407 F.3d 118, 125 (2d Cir. 2005) (noting that district courts retain the authority post-*Booker* "to resolve disputed facts by a preponderance of the evidence when arriving at a Guidelines sentence").

### V.  Conclusion

For the reasons stated above, the Government respectfully

requests that the Court reaffirm the sentence previously imposed
in this case.

                              Respectfully submitted,

                              KEVIN J. O'CONNOR
                              UNITED STATES ATTORNEY


                                    /s/
                              RAYMOND F. MILLER
                              ASSISTANT U.S. ATTORNEY
                              Federal Bar No. CT20451
                              157 Church Street, 23rd Floor
                              New Haven, CT  06510
                              Tel.: (203) 821-3700

                    CERTIFICATE OF SERVICE

     I hereby certify that on this 22nd day of August, 2006, a
true and correct copy of the foregoing Motion was mailed by
first-class mail to:

Richard Cramer
449 Silas Deane Highway
Wethersfield, CT 06109-2120

Julio Rodriguez
Reg Number 14529-019
USP Allenwood
PO Box 3000
White Deer, PA 17887


                    _____/s/_____
                    Raymond F. Miller
                    Assistant U.S. Attorney