UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
--------------------------------x
UNITED STATES OF AMERICA        :
                                :
v.                              :   CRIM. NO. 3:02CR00014(AWT)
                                :
JULIO RODRIGUEZ                 :
--------------------------------x
```

**RULING ON REQUEST FOR POST-BOOKER RESENTENCING UPON REMAND**

For the reasons set forth below, the defendant's request for resentencing set forth in the Defendant's Crosby Brief (Doc. No. 62) is being denied.

On April 22, 2005, the United States Court of Appeals for the Second Circuit ordered a limited remand in this case in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Court of Appeals' decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

Pursuant to Crosby, a district court is required to determine whether it would have "imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the judge had discharged his or her obligations under the post-Booker/Fan Fan regime and counsel had availed themselves of their new opportunities to present relevant considerations . . ." Crosby, 397 F.3d at 117. "In making that threshold determination, the [district court] should obtain the views of counsel, at least in writing, but need not require the presence of the defendant . . . ." Id. at 120. However, the

district court need not hold a hearing in order to reach its decision as to whether to resentence the defendant.  If, after considering the factors set forth in 18 U.S.C. § 3553(a) and treating the Sentencing Guidelines as advisory, the court concludes "that the original sentence would have differed in a non-trivial manner from that imposed," id. at 118, then a full resentencing in compliance with Rule 32 of the Federal Rules of Criminal Procedure is required.

The court has treated the Sentencing Guidelines as advisory and considered the arguments in the Defendant's Crosby Brief concerning his work history and vocational skills, the nature of the defendant's criminal history, and the fact that the defendant agreed to forfeit various assets in connection with this case. Each of the factors highlighted in the Defendant's Crosby Brief was considered by the court at the time of sentencing, as they were advanced in support of the defendant's motion for a downward departure.  The court not only rejected each of these arguments, individually and in combination, as a consideration that would support a downward departure, but concluded that even if a downward departure could be justified on the basis of any of these factors, or a combination thereof, the court would choose not to exercise its discretion to depart in the defendant's case.  The court explained that its reasons for this conclusion were the fact that the defendant was involved with a substantial quantity of drugs; the fact that he was involved in the offenses of conviction

only days after being released on bond on another drug charge; the fact that he struck two law enforcement officers with his vehicle as he escaped from the parking lot at the Chowder Pot restaurant and hit the vehicle in which a third law enforcement officer was sitting; and the fact that he thereafter endangered members of the public on Route 5/15 and Route 2 with his reckless conduct as he fled.  The court also stated its conclusion that the defendant's actions showed that his primary concern was furthering his economic interests and that it did not matter to him whether he harmed others or violated his conditions of release as a consequence.

Therefore, after considering the totality of the circumstances in this case, including the facts highlighted in the Defendant's Crosby Brief, in light of the factors set forth in 18 U.S.C. § 3553(a), the court concludes that it would not have sentenced the defendant to a different sentence had the Sentencing Guidelines been advisory at the time the sentence was imposed.  At the time of sentencing, the court explained that the purposes of sentencing of which the court was most aware in the defendant's case were the need for just punishment and the need to deter him from committing a crime in the future.  The court explained that it had reached this conclusion because the defendant's acceptance of responsibility had been piecemeal and he seemed to accept responsibility for things only when he was required to do so or face serious consequences.  The court also explained that it had

3

concluded that the money that can be made through illegal activity was a very strong motivating factor for the defendant. Because the court concluded that there was a need to deter the defendant from committing a crime in the future, it ordinarily would have thought it appropriate to impose a sentence close to or at the top of the range suggested by the Guidelines. However, the court considered that the defendant had four criminal history points and that Criminal History Category III included people who have four, five, or six criminal history points and concluded that a sentence two-thirds of the way up the range suggested by the Guidelines was most appropriate in the defendant's case. The court's conclusion that the sentence imposed is the most appropriate sentence under all the circumstances remains unchanged.

Accordingly, the Judgment in a Criminal Case filed October 28, 2002 (Doc. No. 45) remains in full force and effect. The court notes that the mandate from the Second Circuit states that any appeal taken from this court's decision on remand can be initiated only by filing a new notice of appeal. See Fed. R. App. P. 3, 4(b).

It is so ordered.

Dated this 5th day of May 2007 at Hartford, Connecticut.

                                            /s/AWT
                                    Alvin W. Thompson
                            United States District Judge